UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FM PRODUCTS, INC.,

      Plaintiff,

      v.                                                     Case No. 20-C-79

CLASSIC GEARS AND MACHINING, INC., et al.,

      Defendants.

## DECISION AND ORDER

Plaintiff FM Products, Inc., sued Classic Gears and Machining, Inc., and/or CGMI, LLC (collectively CGMI), for breach of several contracts in the form of three purchase orders for gun parts and a confidentiality agreement pertaining to one of the parts. FM Products has also asserted claims for promissory estoppel, unjust enrichment, copyright infringement, and extortion against CGMI, and it alleges that Jeffrey Schmid and Lori A. Kuether, the president and vice president of CGMI, respectively, are personally liable as to each of its claims, as well. The court has jurisdiction under 28 U.S.C. § 1332, and the case is before the court on the defendants' motion for partial summary judgment seeking dismissal of the extortion claim and all claims against the two corporate officers. In large part, the defendants' motion will be granted.

## BACKGROUND

FM Products is an Idaho corporation that produces, develops, designs, and sells firearm parts. CGMI is a Wisconsin business that operates a machinist shop, which fabricates and machines various mechanical parts for customers. In August 2017 and March 2018, FM Products sent CGMI purchase orders for 3600 handguards. In November 2018, FM Products sent CGMI a

purchase order for 900 Glock slides. In connection with the purchase order for the Glock slides, FM Products also had CGMI sign a Mutual Non-Disclosure Agreement, under which CGMI agreed not to disclose any of FM Products' proprietary information, including any plans or specifications for parts it was to manufacture and deliver to FM Products.

FM Products alleges that CGMI breached these contracts in various ways. FM Products claims that more than 1,900 of the handguards CGMI delivered were defective, causing it damages in excess of $176,000. FM Products alleges the Glock slides were never delivered, resulting in losses in excess of $720,000. CGMI is alleged to have "leaked" FM Products' proprietary design of the Glock slides to a company called New Empire and has itself sold an undetermined number of Glock slides with FM Products' proprietary design.

FM Products' promissory estoppel claim is based on allegations that FM Products incurred contractual obligations to third parties in reliance on CGMI's promises that it would supply the Glock slides and as a result has incurred additional damages. The claim for unjust enrichment seems to mirror FM Products' claim for breach of contract relating to one of the purchase orders. The copyright infringement claim alleges that FM Products' designs were entitled to common law or statutory copyright protection, and that CGMI infringed such copyright by leaking the design to New Empire and, on its own, manufacturing and selling Glock slides based on the design.

The defendants' motion for summary judgment challenges none of these claims as they relate to CGMI. The defendants' motion is directed only to the claim of extortion and the personal liability of Schmid and Kuether. The extortion claim, predicated on Section 943.30 of the Wisconsin Criminal Code, alleges that CGMI, acting through the individual defendants, coerced FM Products into purchasing for CGMI an $84,500 Electrical Discharge Machine (EDM) that CGMI claimed it needed in order to manufacture the Glock slides to specification. Schmid and

2

Kuether are allegedly personally liable for their own tortious conduct and, as to contractual liability, because CGMI was their mere instrumentality or alter ego and they deliberately caused CGMI to breach its contracts with FM Products.

**LEGAL STANDARD**

Summary judgment is appropriate when the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences that favor them in the light most favorable to the nonmoving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

A. **The Extortion Claim**

The defendants seek summary judgment on Plaintiff's extortion claim, brought pursuant to section 943.30 of the Wisconsin Statutes, arguing that neither the facts nor the law support a showing of extortion. Section 943.30(1) provides:

> Whoever, either verbally or by any written or printed communication, maliciously threatens to accuse or accuses another of any crime or offense, or threatens or

commits any injury to the person, property, business, profession, calling or trade, or the profits and income of any business, profession, calling or trade of another, with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do any act against the person's will or omit to do any lawful act, is guilty of a Class H felony.

The defendants argue that there is no evidence of an explicit, malicious threat, requiring Plaintiff to do something "or else." FM Products, on the other hand, asserts that Defendant Schmid "deliberately applied economic pressure and exploited Plaintiff's economic vulnerability," and "threatened to materially breach the contract in order to secure a tangible benefit for his company, of which he is the sole owner." Stripped of its inuendo, however, FM Products is simply alleging that the defendants said they needed the EDM to complete the contract. This is not extortion, and FM Products' assertion that it is constitutes little more than an attempt to criminalize a civil dispute. Non-performance of a contract cannot be transformed into a crime by imaginative pleading.

There is also a question of whether section 943.30 creates a private cause of action. Several courts have found that it does not. *See, e.g.*, *Winius v. Pawlak*, Case No. 19-C-936, 2019 WL 3306148 (E.D. Wis. July 23, 2019); *Comsys Inc. v. City of Kenosha, Wisconsin*, Case No. 16-CV-655-JPS, 2017 WL 1906750 (E.D. Wis. May 9, 2017); *rev'd on other grounds* by *Comsys, Inc. v. Pacetti*, 893 F.3d 468 (7th Cir. 2018); *AnchorBank, FSB v. Hofer*, No. 09-cv-610-slc, 2012 WL 8261627 (W.D. Wis. Sept. 20, 2012). And indeed, one state court, albeit in an unpublished opinion, has also concluded that section 943.30 does not create a private cause of action. *See Jackson v. United Migrant Opportunity Services*, No. 2009AP1207, unpublished slip op., ¶ 17 (Wis. Ct. App. May 25, 2010).

Despite this, Plaintiff cites *Judevine v. Benzies-Montanye Fuel & Warehouse Co.*, 269 N.W. 295 (Wis. 1936), for the proposition that the Wisconsin Supreme Court has recognized a

4

private civil right of action for violations of section 943.30. This case, it urges, stands for the proposition that a private cause of action may be brought if injury to business is alleged. *Id.* at 301. At best, the case merely implies that it may have been possible to bring such a claim under the predecessor statute, but it certainly does not explicitly provide for such an action.

In any event, the court concludes that the facts alleged do not support a claim regardless of whether such a claim exists at law. The defendants' motion is therefore granted as to Count 7 and the claim for extortion is dismissed.

### B. The Personal Liability of Defendants Schmid and Kuether

The defendants also seek summary judgment on the claims of personal liability against Defendants Schmid and Kuether, arguing that it would be inappropriate to pierce the corporate veil in this situation. Plaintiff, on the other hand, argues that Classic Gears was merely the "alter ego" of Defendant Schmid, and that Schmid used Classic Gears for an improper purpose. In the alternative, Plaintiff argues that Defendants Schmid and Kuether can at least be held individually liable for their torts as officers of Classic Gears.

The general rule is that a corporation enters into contracts and incurs liability as a separate entity and its officers, directors, and shareholders are not liable for corporate debts unless they agreed to personally guarantee them. *Benjamin Plumbing, Inc. v. Barnes*, 162 Wis. 2d 837, 849–50, 470 N.W.2d 888 (1991); *see also Consumer's Co-op. of Walworth Cty. v. Olsen*, 142 Wis. 2d 465, 474, 419 N.W.2d 211 (1988) ("By legal fiction the corporation is a separate entity and is treated as such under all ordinary circumstances. That the 'legal fiction' of a corporation is not one to be lightly disregarded remains the law in Wisconsin as well as in most other jurisdictions." (internal quotations omitted)). Here, there is no allegation that Schmid or Kuether personally guaranteed the contracts CGMI entered into with FM Products. FM Products argues, however,

5

that there may be grounds to "pierce the corporate veil," disregard the corporate fiction, and hold Schmid and Kuether personally liable.

Piercing the corporate veil is an equitable remedy for nonpayment of a judgment against a corporation. *Wiebke v. Richardson & Sons, Inc.*, 83 Wis. 2d 359, 364, 265 N.W.2d 571 (1978). In deciding whether the corporate veil should be pierced, the court considers several factors. The rule is that "the existence of the corporation as an entity apart from the natural persons comprising it will be disregarded, if corporate affairs are organized, controlled, and conducted so that the corporation has no separate existence of its own and is the mere instrumentality of the shareholder and the corporate form is used to evade an obligation, to gain an unjust advantage or to commit an injustice." *Id.* at 363.

Here, FM Products alleges no facts that would support piercing the corporate veil. It does not allege that Schmid and Kuether ignored corporate formalities or treated the corporation as if it had no separate existence. At this stage, moreover, there is no need to inquire into such matters. There is no judgment against CGMI, and thus any attempt to pierce the corporate veil is premature. Until and unless a judgment is entered against CGMI and CGMI fails to pay it, the question of whether corporate formalities have been followed is irrelevant. Schmid and Kuether are simply not liable on FM Products' breach of its contract claims and its quasi contract claims against CGMI as a matter of law. Whether they can be held liable for a judgment entered against the corporation must await entry of such a judgment and the corporation's failure to pay it. Summary judgment is therefore granted on Counts 1, 2, 3, 4, and 5.

This leaves Count 6, the claim for copyright infringement. An individual may incur liability for a corporation's copyright infringement under two theories: (1) vicarious liability and (2) contributory liability. *Burdick v. Koerner*, 988 F. Supp. 1206, 1209 (E.D. Wis. 1998). An

individual is vicariously liable for infringing activity if he has the right and ability to supervise that activity and has an obvious and direct financial interest in the infringing activity. *Id.* A party may be contributorily liable if he directly participates in the infringing activity or "induces, causes, or materially contributes to the infringing conduct of another." *Id.* (citing *Grupke v. Linda Lori Sportswear, Inc.*, 921 F. Supp. 987, 998 (E.D.N.Y. 1996)).

Schmid is alleged to have signed the confidentiality agreement and from the allegations of the complaint appears most directly involved in operating the business. Construing the complaint liberally, the allegations are sufficient to support a claim for copyright infringement against him. But there are no allegations that suggest Kuether had any involvement in the alleged infringement of FM Products' claimed copyrights, nor does FM Products offer any evidence suggesting that she was. Accordingly, summary judgment is granted in her favor on the copyright claim in Count 6 against Kuether, but denied as to Schmid.

## CONCLUSION

In sum, the defendants' motion for summary judgment is granted as to Count 7 (extortion) and as to all claims against Schmid and Kuether, with the exception of the copyright claim against Schmid. Therefore, for the foregoing reasons, Defendants' first motion for partial summary judgment (Dkt. No. 18) is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of August, 2020.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge