UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FM PRODUCTS INC.,

        Plaintiff,

    v.                       Case No. 20-C-79

CLASSIC GEARS AND MACHINING INC.,
CGMI LLC, and
JEFFREY S. SCHMID,

        Defendants.

## DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS

    Plaintiff FM Products, Inc., brought this action against Defendants Classic Gears and Machining, Inc. and/or CGMI, LLC (collectively CGMI), for breach of several contracts in the form of three purchase orders for gun parts and a confidentiality agreement pertaining to one of the parts.  Plaintiff also asserted claims for promissory estoppel, unjust enrichment, copyright infringement, and extortion against CGMI and asserted that Jeffrey Schmid and Lori Kuether, the president and vice president of CGMI, respectively, are personally liable as to each of its claims.  Defendants moved for partial summary judgment seeking dismissal of the extortion claim and all of the claims against the two corporate officers.  On August 10, 2020, the court granted the motion as to the extortion claim and as to all claims against Schmid and Kuether, with the exception of the copyright claim against Schmid.

    This matter comes before the court on Defendants' motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.  Defendants assert that Plaintiff's allegations and

maintenance of the claims of extortion and personal liability of Schmid and Kuether are frivolous. For the following reasons, Defendants' motion will be denied.

Rule 11 of the Federal Rules of Civil Procedure provides that an attorney who presents a pleading to the court, "whether by signing, filing, submitting, or later advocating it," certifies that

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

The purpose of Rule 11 is to discourage baseless filings and to "streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). It imposes a set of duties and "provides for an appropriate sanction to be imposed if those duties are violated." *Novoselsky v. Zvunca*, 324 F.R.D. 197, 202 (E.D. Wis. 2017). Sanctions will be imposed "if counsel files a complaint with improper motives or without adequate investigation." *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 721 (7th Cir. 2002) (internal quotation marks and citations omitted). "An attorney cannot avoid sanctions by claiming subjective good faith if a reasonable inquiry into the facts and law would have revealed the frivolity of the position." *McGreal v. Vill. of Orland Park*, 928 F.3d 556, 560 (7th Cir. 2019) (citation omitted). In determining whether Rule 11 sanctions are warranted, the court "must undertake an objective inquiry into whether the party or his counsel should have known that his position is

groundless." *Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (citation and quotation marks omitted). The Seventh Circuit has warned, however, that "a court must take care not to penalize arguments for legal evolution," *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1082 (7th Cir. 1987), and that "Rule 11 cannot be allowed to thoroughly undermine zealous advocacy," *Kraemer v. Grant County*, 892 F.2d 686, 690 (7th Cir. 1990).

Although the court concluded that Plaintiff's claims of extortion and claims against Schmid and Kuether in their personal capacities should be dismissed in large part, the court finds that Plaintiff's claims were not frivolous or completely groundless such that sanctions are appropriate. The circumstances presented here indicate that Plaintiff's counsel engaged in a legal and factual investigation into Plaintiff's claim that Defendants violated Wis. Stat. § 943.30 and had a plausible basis to believe that the law in this area was unsettled by the Wisconsin state courts. In addition, Plaintiff established that he had a legitimate legal and factual basis for claiming Schmid and Kuether were personally liable for the misconduct alleged, and Plaintiff raised non-frivolous intentional tort claims against them. Though Plaintiff's positions were ultimately unsuccessful, they are not sanctionable under Rule 11, as the court is not persuaded that Plaintiff's claims are devoid of arguable merit. In sum, while summary judgment on these claims was appropriate, the court finds Plaintiff's maintenance of these claims was not frivolous. For these reasons, Defendants' motion for Rule 11 sanctions (Dkt. No. 22) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of September, 2020.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge