UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FM PRODUCTS INC.,

    Plaintiff,

v.                                                Case No. 20-C-79

CLASSIC GEARS AND MACHINING, INC., et al.,

    Defendants.

## ORDER

Plaintiff FM Products, Inc., brought this action against Defendants Classic Gears and Machining, Inc., CGMI, LLC, and Jeffrey S. Schmid related to agreements to produce or manufacture firearm parts. Plaintiff alleges that it received defective handguards manufactured by Defendants, among other things. On December 29, 2020, Defendants filed a motion for partial summary judgment as to part of Defendants' Counterclaim No. 1 for products sold and delivered to Plaintiff without payment. Plaintiff did not respond to the motion. The local rules of this district provide that the failure to file a brief in opposition to a motion is sufficient grounds to grant the motion. Civil L.R. 7(d) (E.D. Wis.). Plaintiff has failed to respond to the motion or explain why it has been prevented to do so. This alone is a sufficient ground to grant the motion. For this reason, and also because it is clear Defendants are entitled to judgment as a matter of law, Defendants' motion will be granted.

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Classic Gears asserts that it manufactured parts for Plaintiff pursuant to the terms

and conditions agreed upon by the parties and that Plaintiff has not made payment for the goods. Although Plaintiff has thirty outstanding invoices with Classic Gears from March 2019 through November 2019, Defendants are only seeking summary judgment on seventeen invoices for parts produced and delivered to Plaintiff that are unrelated to the alleged defective handguards and Glock Slides at issue in this case. Defendants maintain that, because Plaintiff ordered the parts and did not properly reject the delivered parts, Plaintiff is liable to Classic Gears in the amount of $73,189.33.

Parties to a contract are entitled to performance according to the terms of the agreement. Wis. Stat. § 402.301. Classic Gears manufactured and delivered $73,189.33 worth of parts to Plaintiff, pursuant to the purchase orders, but Plaintiff has made no payment for them. Plaintiff has not asserted any legal justification for its nonpayment of the seventeen past-due invoices. Accordingly, Defendant is entitled to summary judgment on the seventeen past-due invoices for products sold and delivered to Plaintiff. The Court retains jurisdiction over the unpaid invoices contained in Counterclaim No. 1 regarding the handguards and Glock Slides at issue in this case.

Defendants request that the Court enter judgment as to the claims resolved in this motion for summary judgment. Under Rule 54 of the Federal Rules of Civil Procedure, a district court can enter a judgment that disposes of one or more, but not all, claims if it expressly determines "there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) judgments are generally disfavored because they allow piecemeal appellate litigation. *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999); *see also Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) ("[A] separate judgment under Rule 54(b) multiplies the costs of litigation for opposing parties and for the appellate court, and these interests deserve thoughtful consideration."). Defendants offer no justification for entering judgment now. They

have not met their burden to demonstrate that they will "suffer unjust harm from the normal delay pending resolution of all claims in the case." *Wright v. Kosciusko Med. Clinic, Inc.*, 791 F. Supp. 1327, 1334 (N.D. Ind. 1992). Any delay in entering judgment in this case is hardly the kind of problem Rule 54(b) was intended to solve. Thus, a partial judgment will not be entered at this time.

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment as to part of Defendants' Counterclaim No. 1 (Dkt. No. 31) is **GRANTED**. Classic Gears is awarded damages in the amount of $73,189.33 for the seventeen past-due invoices for products sold and delivered to Plaintiff.

**IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment as to part of Defendants' Counterclaim No. 1 (Dkt. No. 33) is **DENIED as duplicative**.

Dated at Green Bay, Wisconsin this 4th day of March, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge